1  Michael G. Marderosian, No. 77296
   Jacob J. Rivas, No. 208504
2  MARDEROSIAN, RUNYON, CERCONE,
    LEHMAN & ARMO
3  1260 Fulton Mall
   Fresno, California 93721
4  Telephone: (559) 441-7991
   Facsimile: (559) 441-8170
5
   Attorneys for Defendants CITY OF BAKERSFIELD; BAKERSFIELD POLICE
6  DEPARTMENT, CHIEF OF POLICE ERIC MATLOCK; GREG TERRY;
   STEPHEN KAUFFMAN; RYAN NEWMAN; SHERMAN ROOKS; ERIC
7  SCHIMON

8

9              **UNITED STATES DISTRICT COURT**

10             **EASTERN DISTRICT OF CALIFORNIA**

11

12 VICTORIA ROSALES, individually and )   Case No. CV 05-237-REC-TAG
   as administratrix of the goods, chattels and )
13 credits that were of Gabriel Angel Garcia, )  **STIPULATION AND**
   deceased,                              )  **ORDER RELIEVING PARTIES**
14                                        )  **OF DISCOVERY LIMITATIONS**
                  Plaintiff,             )  **IN FRCP 30(a)(2)(A)**
15                                        )
                                          )
16         vs.                            )
                                          )
17 CITY OF BAKERSFIELD;                   )
   BAKERSFIELD POLICE                     )
18 DEPARTMENT, CHIEF OF POLICE           )
   ERIC MATLOCK; GREG TERRY;             )
19 STEPHEN KAUFFMAN; RYAN               )
   NEWMAN; SHERMAN ROOKS; ERIC          )
20 SCHIMON; in their individual and official )
   capacities jointly and severally,     )
21                                        )
                  Defendants.            )
22 _____ )
                                          )
23

24         Plaintiff, Victoria Rosales, by and through her attorney of record, Kenly Kiya

25 Kato, and Defendants City of Bakersfield, Bakersfield Police Department, Chief of

26 Police Eric Matlock, Greg Terry, Stephen Kauffman, Ryan Newman, Sherman

27 Rooks, and Eric Schimon, by and through their attorney of record, Jacob J. Rivas,

28 hereby agree and stipulate as follows:

1.     This case arises out of an alleged violation of constitutional rights of decedent Gabriel Angel Garcia by each and every defendant.

2.     Plaintiff has identified twenty (20) witnesses in her FRCP 26 Initial Disclosure.

3.     Similarly, defendants have identified forty (40) witnesses in their FRCP 26 Initial Disclosure.

4.     The vast majority of witnesses identified by the parties herein in their respective FRCP Initial Disclosures have knowledge of the facts giving rise to the alleged incident.

5.     In order to conduct thorough and exhaustive discovery, the depositions of the witnesses identified in the parties' respective FRCP 26 Initial Disclosures will be required.

6.     The parties further anticipate designating experts in various areas, including, but not limited to, police practices and procedures. Depositions of experts will be required, as well.

Dated:  August __, 2005

MARDEROSIAN, RUNYON, CERCONE, LEHMAN & ARMO

By: _____
Jacob J. Rivas
Attorneys for defendants above-named

Dated:  August 11, 2005

LAW OFFICE OF KENLY KIYA KATO

By: _____
Kenly Kiya Kato
Attorney for Plaintiff
Victoria Rosales

2

██████████ **ORDER**

A particularized showing as to the necessity of taking additional depositions beyond the discovery limitation of ten (10) imposed by the applicable Scheduling Order herein and FRCP 30(a)(2)(A), having been made and good cause appearing therefor, it is ordered that both plaintiff and defendants be relieved of the discovery limitations on the number of depositions set forth in FRCP 26(b)(2) and FRCP 30(a)(2)(A) and shall be permitted to take additional depositions beyond ten (10).

IT IS SO ORDERED.

DATED: _August 12, 2005_ _Theresa A. Goldner_

UNITED STATES ~~Magistrate~~
JUDGE

3