# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA ROSALES, individually and as administratrix of the goods, chattels and credits that were of Gabriel Angel Garcia, deceased,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BAKERSFIELD; BAKERSFIELD POLICE DEPARTMENT, CHIEF OF POLICE ERIC MATLOCK; GREG TERRY; STEPHEN KAUFFMAN; RYAN NEWMAN; SHERMAN ROOKS; ERIC SCHIMON; DOES 1 THROUGH 100 INCLUSIVE; in their individual and official capacities jointly and severally,<br><br>　　　　　Defendants. | CASE NO. 1:05-cv-0237 REC TAG<br><br>ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE SUBPOENA DUCES TECUM PURSUANT TO FRCP 45(c)(2)(B)<br><br>(Doc. 35) |

### I.   Background

This civil rights survival action arises out of the shooting death of Gabriel Angel Garcia ("Decedent") on February 21, 2004, during the course of a confrontation between Decedent and the Bakersfield Police Department. (See Doc. 1, ¶¶ 47-49). The named plaintiff in the case is Victoria Rosales, both as administratrix of the estate of Decedent and individually. (Doc. 1).

On a date not specified in the instant motion, defendants caused a subpoena duces tecum to be served upon plaintiff Victoria Rosales's treating psychiatrist, David Atkins, M.D., seeking the production of medical records and/or bills associated with such treatment. (Doc. 35, Declaration of Jacob J. Rivas, Esq. in Support of Defendants' Motion to Enforce Subpoena Duces Tecum Pursuant to FRCP 45(c)(2)(B) ("Rivas Declaration") at ¶ 5). On October 6, 2005, subpoena service American

Datamed informed defendants by email that Dr. Atkins had declined to honor the subpoena duces tecum in the absence of an authorization signed by plaintiff in compliance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 26 U.S.C. and 42 U.S.C.). (Doc. 35, Rivas Declaration, ¶ 7 & Exh. A thereto).

In response to the request for a HIPAA-compliant authorization, defendants directed correspondence, along with a proposed HIPAA-compliant authorization, to plaintiff's counsel on October 12, 2005, again on December 15, 2005 and yet a third time on March 1, 2006, each time requesting plaintiff's signature on the authorization. (Rivas Declaration, ¶ 8 & Exhs. B, C and D thereto). When plaintiff failed to sign any of these authorizations, the instant motion was filed for an order to enforce the subpoena duces tecum under Fed. R. Civ. P. 45(c)(2)(B). Plaintiff has not filed an objection to the motion.

## II.   HIPAA Requirements

Before addressing defendants' Rule 45 motion, the Court will review the regulations pertaining to the confidentiality of patient records under HIPAA. In this regard, Section 264 of HIPAA, 42 U.S.C. § 1320d-2 Note, directs the Secretary of Health and Human Services to promulgate regulations to protect the privacy of medical records. See Northwestern Mem. Hosp. V. Ashcroft, 362 F.3d 923, 924 (7th Cir. 2004).

Pursuant to that direction, the Secretary adopted 45 C.F.R. § 164.502(a), which provides that "[a] covered entity[1] may not use or disclose protected health information, except as permitted or required by this subpart or by subpart C of part 160 of this subchapter." Notwithstanding this general rule, disclosure of protected health information is authorized by, among other provisions, 45 C.F.R. § 164.512, which is entitled "Uses and disclosures for which an authorization or opportunity to agree or object is not required." The relevant provisions of section 164.512 are as follows:

> "(e) Standard: Disclosures for judicial and administrative proceedings.
> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

---

[1] A "covered entity" is defined in 45 C.F.R. § 160.103 (2006) to include "[a] health care provider who transmits any health information in electronic form in connection with a transaction covered" by the regulations. See Citizens for Health v. Leavitt, 428 F.3d 167, 173 (3rd Cir. 2005).

2

(I)  In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or

(ii)  In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)  The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

    (B)  The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

(iii)  For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protecting [sic] health information if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:

    (A)  The party requesting such information has made a good faith attempt to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address);

    (B)  The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)  The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

        (1)  No objections were filed; or

        (2)  All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

(iv)  For the purposes of paragraph (e)(1)(ii)(B) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information, if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:

    (A)  The parties to the dispute giving rise to the request for information have agreed to a qualified protective order and have presented it to the court or administrative tribunal with jurisdiction over the dispute; or

    (B)  The party seeking the protected health information has requested a qualified protective order from such court or administrative tribunal.

> (v) For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:
>
> > (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and
> >
> > (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.
>
> (vi) Notwithstanding paragraph (e)(1)(ii) of this section, a covered entity may disclose protected health information in response to lawful process described in paragraph (e)(1)(ii) of this section without receiving satisfactory assurance under paragraph (e)(1)(ii)(A) or (B) of this section, if the covered entity makes reasonable efforts to provide notice to the individual sufficient to meet the requirements of paragraph (e)(1)(iii) of this section or to seek a qualified protective order sufficient to meet the requirements of paragraph (e)(1)(iv) of this section."

45 C.F.R. § 164.512(e)(emphasis added).

As synopsized in Northwestern Mem. Hosp., supra, this regulation authorizes a covered entity "to disclose private health information in judicial or administrative proceedings 'in response to an order of a court.' § 164.512(e)(1)(I). The regulation also allows the disclosure of such information in those proceedings 'in response to a subpoena, discovery request, or other lawful process,' § 164.512(e)(1)(ii), if the party seeking the information either notifies the patient (or at least makes a good faith effort to do so) or makes a 'reasonable effort' to secure a qualified protective order, that is, an order that prohibits the use or disclosure of the information outside the litigation and requires the return or destruction of the information at the end of the litigation. 45 C.F.R. § 164.512(e)(1)(v)." Northwestern Mem. Hosp., 362 F.3d at 925.

Here, it is evident that defendants made a "reasonable effort" under 45 C.F.R. § 164.512(e)(1)(ii)(A) to "ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request." Indeed, at least three such notices were given to the individual - plaintiff Victoria Rosales - through her counsel: On October 12, 2005, again on December 15, 2005 and yet a third time on March 1, 2006, each time requesting plaintiff's signature on the authorization. (Rivas Declaration, ¶ 8 & Exhs. B, C and D thereto). While there is no indication that defense counsel informed the covered provider - Dr. Atkins - of

4

these efforts (thereby obviating any prior need to respond on his part), Dr. Atkins was served with the instant Motion to Enforce Subpoena Duces Tecum - which set forth all of these efforts. (Doc. 35, p. 5).

In addition to *notice* of defendants' efforts to contact a patient vis-a-vis the disclosure of her records, the regulations also require that the covered provider be informed - by the requesting party - of such patient's failure to object "to the court" to the request for her medical records, or that any such objection had been ruled against her. See 45 C.F.R. 164.512(e)(1)(iii) ("For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protecting [sic] health information if the covered entity receives from such party a written statement and accompanying documentation demonstrating that . . .The party requesting such information has made a good faith attempt to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address) . . . The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and . . . The time for the individual to raise objections to the court or administrative tribunal has elapsed, and . . .No objections were filed; or . . . All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution").

Here, it is evident that plaintiff did not "raise an objection to the court" with respect to the disclosure of her treatment and billing records with Dr. Atkins as sought by defendants' Rule 45 motion. Moreover, Dr. Atkins is on notice of such non-objection given that he was a party-respondent to the motion, was served with process (Doc. 35, p.3), and, like the Court, received no objection to the motion.

Therefore, under HIPAA, there is at this juncture no basis for Dr. Atkins to withhold disclosure of his treatment and billing records for plaintiff Victoria Rosales.

**III.    Enforcement of Subpoena Duces Tecum Under Rule 45**

In their instant motion, defendants assert that Dr. Atkins has failed to comply with the

5

requirements of Fed. R. Civ. P. 45(c)(2)(B) and Fed. R. Civ. P. 45(d)(2).[2]  (Doc. 35, p. 1).  Rule 45(c)(2)(B) states as follows:

> "Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena . . . serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  <u>If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued</u>.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.."

Fed. R. Civ. P. 45(c)(2)(B) (emphasis added).

Here, setting aside whether his response (reported to, or through, American Datamed) was in a proper, written format, it is clear that Dr. Atkins objected to defendants' subpoena based upon his HIPAA-related concerns.  This objection was reported in an email to defendants from their subpoena service, American Datamed.  (Doc. 35, Rivas Declaration, ¶ 7 & Exh. A thereto).

However, as noted above, those concerns are now moot in accordance with the applicable HIPAA regulations: Plaintiff (through her counsel) received notice of the request to obtain her treatment and billing records and has lodged no objection to the production of such records with this Court.

It is therefore ORDERED that Dr. Atkins disclose to defendants his treatment and billing records for plaintiff Victoria Rosales and that Defendants' Motion to Enforce Subpoena Duces Tecum is hereby GRANTED.

IT IS SO ORDERED.

Dated:   **April 12, 2006**                                    **/s/ Theresa A. Goldner**
**j6eb3d**                                                     UNITED STATES MAGISTRATE JUDGE

---

[2] While, as noted, defendants moved for relief under Fed. R. Civ. P. 45(d)(2), that provision is irrelevant to the case at hand insofar as it pertains to material withheld on the ground of privilege.  No such claim has been made by Dr. Atkins (or plaintiff herself) here.  Rather, Dr. Atkins's objection was HIPAA-based, not privileged-based.  That the two are entirely different matters was described at some length in <u>Northwestern Mem. Hosp.</u>, 362 F.3d at 925-926.  Among other things, that court noted that "[a]ll that 45 C.F.R. § 164.512(e) should be understood to do, therefore, is to create a procedure for obtaining authority to use medical records in litigation.  Whether the records are actually admissible in evidence will depend among other things on whether they are privileged."  <u>Id</u>.